UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA JONES, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:09-CV-1036-CAP |
| DIRECTV, INC., and THE DIRECTV GROUP, INC., | |
| Defendants. | |

**O R D E R**

This matter is before the court on the defendant's motion to compel arbitration and motion to stay [Doc. No. 4].

**I. Factual and Procedural History**

The plaintiff is a resident of Fulton County, Georgia, and has been a DIRECTV customer since 2002. DIRECTV is a California corporation with its principal place of business in El Segundo, California. The DIRECTV GROUP is a Delaware corporation with its principal place of business in El Segundo, California. DIRECTV is the largest direct-to-home satellite television provider in the United States.

New DIRECTV customers generally obtain service through a written customer agreement, a copy of which DIRECTV includes with the customer's first billing statement. Thereafter, DIRECTV mails any amendments to the terms of the initial customer agreement with subsequent billing statements when necessary.

The plaintiff first subscribed to DIRECTV's service in 2002. DIRECTV mailed her a copy of the then-current customer agreement with her first billing statement. The first paragraph of the customer agreement stated that customers should immediately cancel their service should they choose to reject the terms of the agreement and that use of the DIRECTV service without rejection constitutes acceptance. Thereafter, DIRECTV amended its customer agreement from time to time by sending copies of an amended agreement to all its customers, including the plaintiff. In May 2007, the plaintiff received a copy of an amended agreement ("April 2007 agreement"), dated April 24, 2007, along with her bill. Section 9 of this April 2007 agreement contained a broad arbitration clause and a class-action waiver provision.

On May 8, 2007, and May 21, 2007, the plaintiff obtained two DIRECTV receivers from a Best Buy store in Georgia. In connection with her receipt of a new receiver, the plaintiff received and executed a DIRECTV equipment lease addendum. The addendum expressly incorporated the April 2007 agreement, specifically the agreement's arbitration provisions.

DIRECTV brings this motion under the April 2007 agreement, which contained a binding arbitration clause whereby an independent arbitrator, rather than a judge, would adjudicate any dispute between the parties. Furthermore, the arbitration clause contained a class action waiver provision that stated, "Neither you

2

[customers] nor we [DIRECTV] shall be entitled to join or consolidate claims by or against other individuals or entities or arbitrate any claim as a representative member of a class . . . ." Additionally, this provision stated that if the class action waiver provision is unenforceable, then the entire arbitration clause is also unenforceable.

In her complaint, the plaintiff alleges five causes of action against DIRECTV on behalf of herself and all other DIRECTV customers who are similarly situated as a class of plaintiffs. Count I is a breach of contract claim in which the plaintiff alleges that DIRECTV has violated the obligation of good faith in performance of its contractual obligation to its customers. Count II is an unjust enrichment and a money had and received claim, in which the plaintiff alleges that DIRECTV has been unjustly enriched at the expense of the class by collecting excessive "tax" charges and improperly billed lease fees. Count III is a prayer for an accounting for the funds that DIRECTV has withheld from the plaintiff and members of the proposed class. Count IV is a prayer for injunctive relief to enjoin DIRECTV from collecting "taxes" from its customers. Finally, Count V is a prayer for declaratory relief to declare that DIRECTV is not entitled to collect or bill the plaintiff and members of the proposed class for taxes in excess of those actually due and owing; additionally, DIRECTV must refund

to the plaintiff and members of the proposed class any excess taxes collected.

On April 24, 2009, DIRECTV filed this motion to compel arbitration [Doc. No. 4]. DIRECTV argues that the arbitration clause in the customer agreement is binding on the parties; therefore, the court should compel arbitration of the plaintiff's claims. Moreover, DIRECTV argues that the class action waiver in the arbitration clause compels the plaintiff to bring her claims as an individual as opposed to as a member of a class.

## II. Legal Analysis

The Federal Arbitration Act dictates that binding arbitration clauses in written agreements are enforceable in federal court. See Dale v. Comcast Corp., 498 F.3d 1216, 1219 (11th Cir. 2007). However, such a clause may be invalidated under any applicable state law that governs contracts generally, including "fraud, duress, or unconscionability." Id. Here, the plaintiff argues that the binding arbitration clause and class action waiver in the April 2007 agreement are unenforceable because the waiver is unconscionable under Georgia law.

Courts should consider several factors based on the totality of the circumstances in determining whether a class action waiver in an arbitration clause is unconscionable under Georgia law. Dale, 498 F.3d at 1224. In a consumer setting, such a clause is unconscionable if it effectively prevents the consumer from

4

asserting statutory or common law claims against the entity with which he or she has a contract. Id. at 1223-24. Few plaintiffs or attorneys would have the incentive to pursue these claims when the amount of possible recovery is much lower than the costs involved in prosecuting the action, and

> [t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. The effort and cost of investigating and initiating a claim may be greater than many claimants' individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure.

Id. at 1220. Thus, if attorney's fees and costs are unavailable to the prevailing party in a suit between a consumer and a corporation in a contractual relationship, a class action waiver within a contract between the two parties is unenforceable. Id. at 1224.

Here, if successful on their claims, the plaintiff and the members of the proposed class individually stand to recover a very small amount. The contested charges are a "leased receiver" fee of $4.99 per month and a "sales tax" charge of only $0.80 a month. Thus, the plaintiff and the class members' actual damages individually are quite small. Also, even though DIRECTV contends that the cost of initiating arbitration would be small for the individual customer, the arbitration provision leaves the determination of whether to award fees for attorneys and expert

witnesses to the chosen arbitrator. Given the limited potential recovery when compared to the exposure of arbitration, a single plaintiff would be unlikely to proceed to arbitration. Thus, the remedies available to the plaintiff and members of the proposed class are effectively foreclosed.

Therefore, the court finds that the class action waiver in the April 2007 agreement is unconscionable as applied to the plaintiff and her claims. Moreover, because the class action waiver is unenforceable, the entire arbitration clause is also unenforceable under the language of the customer agreement. Accordingly, DIRECTV's motion to compel arbitration and motion to stay is DENIED.

**III. Conclusion**

For the reasons set forth above, the court hereby DENIES DIRECTV's motion to compel arbitration and to stay [Doc. No. 4].

SO ORDERED, this <u>28th</u> day of October, 2009.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge